```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                              AT ROANOKE, VA
                                                                   FILED
                                                              SEP 2 8 2006
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF VIRGINIA         JOHN F. CORCORAN, CLERK
                  ROANOKE DIVISION                   BY:
                                                              DEPUTY CLERK
```

| | |
|---|---|
| TONY A. ADAMS, | ) |
|     Plaintiff, | )   Civil Action No. 7:06CV00557 |
| | ) |
| v. | )   **MEMORANDUM OPINION** |
| | ) |
| DONNIE SIMPKINS, et al., | )   By: Hon. Glen E. Conrad |
|     Defendants. | )   United States District Judge |

The plaintiff, Tony A. Adams, a federal inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against various officials at the New River Valley Regional Jail. Having reviewed the plaintiff's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at a federal penitentiary in West Virginia. However, the plaintiff's allegations are based on acts or omissions that allegedly occurred while he was a pre-trial detainee at the New River Valley Regional Jail.

On the morning of January 13, 2006, Correctional Officers Tate and Thompson transported the plaintiff to Roanoke for a hearing in his federal criminal case. Upon arriving at the federal building at 7:45 a.m., Tate and Thompson drew their guns, and ordered the plaintiff and other inmates to exit the van and walk down a stairway. The plaintiff, who has a "bad left knee" from a prison baseball game, tripped over a curb and fell down the stairway. The plaintiff explains that his left knee "gave out," just as one of his shower shoes "caught the hump" of the

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

curb. The plaintiff alleges that although he was able to protect his head during the fall, he injured his neck, back, and legs, and was rendered "half unconscious." Twenty-five minutes later, the plaintiff was taken by ambulance to a local hospital, where he underwent x-rays and received a medication "equivalent to Moltrin [sic]." At approximately 10:30 a.m., the plaintiff was released from the hospital. The plaintiff alleges that he attended the scheduled hearing in pain.

Following the hearing, the plaintiff was transported back to the jail. Upon his arrival, the plaintiff advised the booking officer that he would need to be examined in the infirmary. The plaintiff alleges that although he was examined in the infirmary, medical personnel refused to provide pain medication prescribed by the hospital, and Dr. Moses refused to refer him to an orthopedic surgeon. The next day, the plaintiff was returned to the infirmary after he was unable to eat his breakfast. The plaintiff alleges that he remained in the infirmary for nine days. During that time, the plaintiff fell while trying to wash himself. The plaintiff contends that the fall resulted from inadequate staffing and equipment.

The plaintiff refers to several grievances submitted with his complaint. The grievances indicate that on January 17, 2006, the plaintiff requested an MRI and complained of improper medical treatment. In response to his complaints, the plaintiff was examined by Dr. Moses. Dr. Moses determined that the plaintiff did not require outside treatment or prescription pain medication. When Dr. Moses took the plaintiff off of the pain medication, the plaintiff filed another grievance. The plaintiff was advised that his condition was being evaluated by the nursing staff, and that he would receive further treatment if his condition changed. The plaintiff filed another grievance form on January 31, 2006. The plaintiff was advised that he would be seen by the jail doctor during the doctor's next visit to the jail, and that he could purchase Motrin

from the commissary if necessary.

The plaintiff also alleges that correctional officers retaliated against him for filing grievances regarding his medical needs. Specifically, the plaintiff alleges that on March 30, 2006, Officer Lucas illegally opened a UPS package mailed from his attorney, and that on May 13, 2006, Officer Mabry "began intense harassment when searching [his] cell." The plaintiff further alleges that he was "denied proper access to court."

## Discussion

In order to state a claim under § 1983, the plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that he has failed to state a claim of constitutional magnitude against any of the named defendants.

1. Officers Tate and Thompson

The plaintiff alleges that Officers Tate and Thompson should be held liable for the injuries that he suffered as a result of falling down the stairway, since they were responsible for escorting him to court. Correctional officials violate the Fourteenth Amendment to the United States Constitution if they act with deliberate indifference to a pretrial detainee's safety.[2] See Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (explaining that the deliberate

---

[2] The court notes that the plaintiff's deliberate indifference claims fall under the Fourteenth Amendment, rather than the Eighth Amendment, since the plaintiff was a pretrial detainee at the time of the events in question. See Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001). Nevertheless, the same standard applies. See Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001).

3

indifference standard for claims alleging inadequate medical care is also applicable when prison officials fail to protect inmates from other sources of harm). However, such a claim "requires a showing that the [officials] actually knew of and disregarded a substantial risk of serious injury to the [inmate]...." Id. at 575-576.

Applying these principles to the plaintiff's allegations, the court concludes that he has failed to state a claim for deliberate indifference against Tate and Thompson. There is simply no indication that the officers had reason to believe that the plaintiff's knee would give out after he exited the van, or that he would trip over the curb. Even assuming that the officers acted negligently by having the plaintiff walk in shower shoes and shackles, as his allegations may suggest, mere negligence is insufficient to establish a violation of the Fourteenth Amendment. Id. at 575. Accordingly, the plaintiff's claim against Tate and Thompson must be dismissed.

2. Dr. Moses and Other Medical Personnel

The plaintiff next alleges that he received inadequate medical treatment upon his return to the jail. In order to prevail on a claim of inadequate medical treatment under the Fourteenth Amendment, a pretrial detainee must allege acts or omissions sufficiently harmful to constitute deliberate indifference to serious medical needs. See Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the officials must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). Likewise, questions of medical judgment are not subject to

4

judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that the plaintiff's allegations fail to state a claim against the medical defendants. The plaintiff indicates that he was housed in the infirmary for several days after he returned to the jail, and that he was examined by Dr. Moses and other medical personnel during that time. Upon examining the plaintiff, Dr. Moses determined that he did not require outside treatment or prescription pain medication for his injuries. While the plaintiff may disagree with the physician's opinion regarding the severity of his injuries or the physician's choice of treatment, such disagreements fail to state a claim for deliberate indifference. Russell, 528 F.2d at 319; Wright, 766 F.2d at 849. Further, even assuming that Dr. Moses or other members of the medical staff acted negligently in diagnosing or treating the plaintiff's injuries, or in supervising his baths, neither negligence nor malpractice is actionable under § 1983. Estelle, 429 U.S. at 105-106. Accordingly, the plaintiff's claim against the medical defendants must be dismissed.

3.   Officers Lucas and Mabry

The plaintiff also contends that Officers Lucas and Mabry retaliated against him for filing grievances regarding his medical care. Specifically, the plaintiff alleges that Lucas opened a UPS package from his attorney on March 30, 2006, and that Mabry harassed him while searching his cell on May 13, 2006.

In order to state a claim for retaliation, the "plaintiff must allege either that the retaliatory

5

act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Here, the plaintiff's allegations fail to satisfy either requirement. First, the plaintiff cannot establish that the retaliatory acts were taken in response to a constitutionally protected right, since inmates have no constitutional right to participate in grievance proceedings. See Id. (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Moreover, the plaintiff has failed to allege sufficient facts to establish that the retaliatory acts themselves violated his constitutional rights. Although the plaintiff suggests that the act of opening the package from his attorney violated his right to access the courts, such claim is without merit since the plaintiff does not allege that he suffered any specific harm to his litigation efforts, as a result of Lucas's actions. See Strickler, 989 F.2d at 1383; Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Additionally, mere threats or harassment by jail employees, without more, does not state a constitutional claim. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). For these reasons, the court concludes that the plaintiff has failed to state a claim for retaliation against Lucas or Mabry.

4. Donnie Simpkins

The plaintiff alleges that Donnie Simpkins, the Superintendent of the New River Valley Jail, is subject to liability as the jail's "custodian supervisor." However, having concluded that the plaintiff's claims against the other defendants fail as matter of law, the plaintiff's supervisory liability claim against Simpkins must also be dismissed. It is well settled that there can be no supervisory liability when there is no underlying constitutional violation. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Temkin v. Frederick County Comm'rs, 945 F.2d

6

716, 724 (4th Cir 1991); Kopf v. Wing, 942 F.2d 265, 269 (4th Cir. 1991); Belcher v. Oliver, 898 F.2d 32, 36 (4th Cir. 1990). Moreover, because the doctrine of respondeat superior does not apply to § 1983 actions, Simpkins cannot be held vicariously liable for the actions of his subordinates. See Wright, 766 F.2d at 850.

## Conclusion

For the reasons stated, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This ___ day of September, 2006.

_____
United States District Judge